UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCUS TELECOMMUNICATIONS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>H2OWIRELESS.COM, a Domain Name, DOMAIN PRIVACY SERVICE FBO REGISTRANT, THE ENDURANCE INTERNATIONAL GROUP, INC., FASTDOMAIN, INC., and JOHN DOE,<br><br>        Defendants. | C.A. NO. 1:20-cv-10829 |

## VERIFIED COMPLAINT

COMES NOW, Locus Telecommunications, LLC ("Locus"), Plaintiff in the above styled action, and alleges the following as its Verified Complaint against the Defendants, <h2owireless.com> (the "Disputed Domain"), Domain Privacy Service FBO Registrant ("Registrant"), The Endurance International Group, Inc. ("Registrant Organization"), FastDomain, Inc. ("Registrar"), and John Doe:

## NATURE OF THE ACTION

1.  This is an in personam action under the Anti-Cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d) for injunctive relief and other relief in relation to the bad faith registration and use of the Disputed Domain, which infringes upon Locus' distinctive H2O™ WIRELESS registered service mark, registration no. 3787866 with the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit A.

2.  In the alternative, Plaintiff brings additional claims for quiet title and conversion.

## THE PARTIES

3. Plaintiff Locus Telecommunications, LLC is a limited liability company organized under the laws of Delaware and doing business within the United States.

4. Res-Defendant <h2owireless.com> is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered by Domain Privacy Service FBO, as evidenced by Exhibit B attached hereto.

5. On information and belief, the Registrant for the Disputed Domain is Defendant Domain Privacy Service FBO Registrant and is a DBA company registered in the State of Utah with a principal place of business at 1958 S 950 E, Provo, Utah 84606. Domain Privacy Service FBO Registrant's registered agent, for service of process, is C T Corporation System and it can be served at 1108 E South Union Avenue, Midvale, Utah 84047.

6. On information and belief, Domain Privacy Service FBO Registrant is acting on behalf and doing business on behalf of The Endurance International Group, Inc.

7. On information and belief, the Registrant Organization is Defendant The Endurance International Group, Inc. and is a Delaware corporation with a principal place of business located at 10 Corporate Drive, Burlington, Massachusetts 01830. The Endurance International Group, Inc.'s registered agent, for service of process, is C T Corporation System and it can be served at 155 Federal Street, Suite 700 Boston, Massachusetts 02110.

8. On Information and belief, the Registrar for the Disputed Domain is FastDomain Inc. and is a Utah corporation with a principal place of Business 10 Corporate Drive, Burlington Massachusetts 01830. FastDomain Inc.'s registered agent, for service of process, is C T Corporation System and it can be served at 1108 E South Union Avenue, Midvale, Utah 84047.

9. On information and belief, FastDomain Inc. is acting on behalf and doing business on behalf of The Endurance International Group, Inc.

10. On information and belief, the registry for <h2owireless.com> is VeriSign, Inc. d/b/a Public Interest Registry, a Delaware corporation, with its principal place of business in Alexandria, Virginia.

## JURISDICTION AND VENUE

11. This action arises, *inter alia*, under Section 2201 of the Judicial Code, 28 U.S.C. § 2201, and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

12. This Court has subject matter jurisdiction over this action pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1131 (federal question jurisdiction) and 1338(a) (trademark infringement) of the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1139(b)(2) and 15 U.S.C. § 1125(d)(1) because the cause of action arises in this District and the res (i.e. the Disputed Domain) that is subject to this action, is maintained by a Registrant, Domain Privacy FBO Registrant, and a Registrant Organization, The Endurance International Group, LLC, within the boundaries of this District, and which has its situs within this District.

14. The Disputed Domain was registered to Registrant, in violation of Plaintiff's rights at common law, statute, and in its www.h2owireless.com common law trademark and H2O™ WIRELESS service mark (the "Marks"), which are protected under 15 U.S.C. § 1125(a).

## FACTUAL BACKGROUND

15. Plaintiff is a telecommunications company based in the United States that offers telecommunications services to its customers.

16. Plaintiff has been a leader in the industry since approximately 2004.

17. The Disputed Domain was registered on October 12, 2008, by an unknown third party.

18. Sometime after 2008, the Disputed Domain was transferred to the Registrant, based in Massachusetts, who has since acted in bad faith in utilizing the Disputed Domain.

19. On information and belief, the Disputed Domain constitutes a deceptive use of Plaintiff's existing Marks and was registered, and is currently being used, for the sole purpose of misleading and deceiving internet users who search for H2O Wireless' domain, but instead are redirected to a shell website with next to no information about any telecommunications services.

20. On information and belief, the Disputed Domain does not, and cannot, reflect the legal name of the Registrant of the Disputed Domain, nor can it have been registered or transferred to the Registrant in good faith.

21. The Disputed Domain is likely to be confused with Plaintiff's legitimate online locations and other services and infrastructure, located at <h2owirelessnow.com>, along with Plaintiff's emails and similar communications systems, and further likely to cause actual customer confusion in the marketplace.

22. By way of example, upon entering the Disputed Domain into an internet browser, users are redirected to a nearly empty website with no information about telecommunications services. As such, customers who currently search for Plaintiff's domain would be led to believe that Plaintiff's products and services are no longer available for purchase and use, which is not the case, and Plaintiff would suffer harm to its business as a result. A live screenshot of the Disputed Domain is attached hereto as Exhibit C.

23. Plaintiff's federal registration of the H2O™ Mark is conclusive evidence of the validity of the Mark, Plaintiff's ownership of the Mark, and Plaintiff's exclusive right to use the Mark in commerce.

## **FIRST CLAIM FOR RELIEF**

**Violation of the Anti-Cybersquatting Consumer Protection Act (ACPA)**

24. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

25. Plaintiff is the owner of the distinctive and famous Marks www.h2owirelessnow.com and H2O™.

26. The Marks are distinctive of Plaintiff's services used continuously, registered, and distinctive since at least 2008 when Plaintiff first began using its Marks in commerce.

27. Upon information and belief, Registrant has no rights in Plaintiff's Marks nor the Disputed Domain.

28. On information and belief, Registrant has not used the Disputed Domain in connection with the bona fide offering of any goods or services.

29. Registrant used and is using the Disputed Domain with the intent to divert consumers from Plaintiff's online location to harm the goodwill of Plaintiff and with the intent to tarnish and disparage the Mark by creating a likelihood of confusion.

30. Registrant used and is using the Dispute Domain with the intent to offer to transfer, sell, or otherwise assign the domain name to the Mark owner or any third party for financial gain.

31. Registrant's Disputed Domain is confusingly similar to Plaintiff's Marks.

32. Registrant has registered, trafficked in, used, and is using the Disputed Domain with the bad faith intent to profit from Plaintiff's Marks.

33. Registrant's actions constitute a violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

34. Registrant registered, trafficked in, used, and is using the Disputed Domain and such Disputed Domain is identical and confusingly similar to Plaintiff's Mark that was distinctive at the time of the registration of the domain name.

35. Registrant registered, trafficked in, used, and is using the Disputed Domain and such Disputed Domain is identical, confusingly similar, and dilutive of Plaintiff's Mark that was famous at the time of the registration of the domain name.

36. Plaintiff has been, is now, and will continue to be, irreparably harmed by Registrant's aforementioned acts, and, unless enjoined by the Court, Registrant's unauthorized use of the Disputed Domain will continue, and there is no adequate remedy at law for the harm caused by Registrant's acts.

37. Because Plaintiff owns the exclusive rights to the Marks, and Registrant has no rights to them whatsoever, it is appropriate for this Court to declare that Plaintiff is the rightful owner of the Disputed Domain and order the prompt transfer of the Disputed Domain to Plaintiffs.

## SECOND CLAIM FOR RELIEF

### Quiet Title

38. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

39. Plaintiff has valid legal and equitable title to the Disputed Domain.

40. Plaintiff's title to the Disputed Domain is superior to any claim of title by Registrant.

41. Through their control of the Disputed Domain, Registrant has asserted a claim that constitutes a cloud on Plaintiff's title.

42. Plaintiff's good title to the Disputed Domain should not be subjected to various future claims against its title.

## THIRD CLAIM FOR RELIEF

### Conversion

43. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

44. As stated previously, Plaintiff has valid and equitable title to the Disputed Domain.

45. Defendants have exercised dominion and control over the Disputed Domain, in violation of Plaintiff's rights over the same.

46. Plaintiff has been deprived of the use and possession of the Disputed Domain due to Defendants' actions.

47. Plaintiff has been damaged by Defendants' actions through the confusion of the viability of Plaintiff's products and services at the Disputed Domain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner for the Disputed Domain;

b. Direct that the Disputed Domain be transferred and registered to Plaintiff;

c. Trial by jury for all issues for which a trial by jury is available;

d. Order attorneys' fees paid to Plaintiff to extent allowable by law; and

e. Award such other and further relief that this Court may deem just and equitable.

                    Respectfully submitted,

                    LOCUS TELECOMMUNICATIONS, LLC

                    By Its Attorneys,

                    /s/ *Paula-Lee Chambers*
                    Paula-Lee Chambers; BBO# 566888
                     pchambers@watttieder.com
                    Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
                    175 Federal Street, Suite 1225
                    Boston, MA  02110
                    857-504-1140 (T)

Dated:  April 30, 2020

12268647.1 104412.00001